# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COLONY INSURANCE COMPANY a/s/o PENNRIDGE AIRPORT. LLC

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey C. Sotland, Esquire, Murphy Sanchez, PLLC
100 South Juniper Street, 3rd Floor

## DEFENDANTS
NATOLI AVIATION, LLC, NATOLI AVIATION PROPERTIES. LLC and NATOLI ENGINEERING. INC.

County of Residence of First Listed Defendant: St. Charles
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [x] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Defendants' aircraft leaked hazardous chemicals (fuel) on Plaintiff's property and required repairs/replacement/mediation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1100 North Ridge Road, Perkasie, PA 18944.**

Address of Defendant: **28 Research Park Circle Saint Charles MO 63304**

Place of Accident, Incident or Transaction: **1100 N. Ridge Road, Perkasie, PA 18944**

---

*RELATED CASE IF ANY:*
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☐   No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: **07-24-23**     *Jeffrey C. Sotland*     **68958**
                        Attorney-at-Law *(Must sign above)*        Attorney I.D. # *(if applicable)*

---

**Civil** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☒ All Other Diversity Cases: *(Please specify)* **Other personal property damage**

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Jeffrey C. Sotland**, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **07-24-23**     **/s/** *Jeffrey C. Sotland*     **68958**
                        Attorney-at-Law *(Sign here if applicable)*        Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLONY INSURANCE COMPANY a/s/o PENNRIDGE AIRPORT, LLC<br><br>vs.<br><br>NATOLI AVIATION, LLC, NATOLI AVIATION PROPERTIES, LLC and NATOLI ENGINEERING, INC. | CIVIL ACTION<br><br>NO. |

**COMPLAINT**

1. Plaintiff is Colony Insurance Company a/s/o Pennridge Airport, LLC a Pennsylvania limited liability corporation operating at 1100 North Ridge Road, Perkasie, PA 18944.

2. At all material times Colony Insurance Company was the insurance carrier for Pennridge Airport, LLC.

3. Defendant, Natoli Aviation, LLC is a Delaware corporation with a principal place of business at 28 Research Park Circle Saint Charles MO 63304 and is the registered owner of a 1984 Piper PA-31T1 turbo prop aircraft with FAA registration of N701PT.

4. Defendant Natoli Engineering Company, Inc. is a Missouri corporation with a principal place of business at 28 Research Park Circle Saint Charles MO 63304 and at all material times hereto was believed to be responsible for operating, maintaining,

repairing, and managing the 1984 Piper PA-31T1 turbo prop aircraft with FAA registration of N701PT.

5. Defendant Natoli Aviation Properties, LLC is a Missouri corporation with a principal place of business in Missouri and, at all material times, was believed to be responsible for maintaining, repairing, and managing the 1984 Piper PA-31T1 turbo prop aircraft with FAA registration of N701PT.

6. All three Defendants had a joint responsibility to maintain the 1984 Piper PA-31T1 turbo prop aircraft with FAA registration of N701PT ("aircraft") in a good working manner.

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within the Eastern District of the Commonwealth of Pennsylvania.

## GENERAL ALLEGATIONS

9. On October 7, 2021, Defendants flew the aircraft into Pennridge Airport and parked it on a new section of the apron.

10. After being parked on the apron at the Pennridge Airport, the aircraft leaked fuel onto the apron in the area surrounding the aircraft.

11. The leak is believed to the result of a failure to maintain and/or repair the aircraft.

12. The apron on which the aircraft was parked is considered a flexible pavement pursuant to Federal Aviation Administration ("FAA") guidelines.

13. As a result of the leak, remediation efforts were required including replacement of the apron in accordance with FAA advisory guidelines and engineering analysis.

14. The damages resulting from the fuel leak are in the amount of $157,351.01.

## COUNT I - NEGLIGENCE

15. Plaintiff incorporates paragraphs 1 through 14 as through set forth herein.

16. Defendants are believed to be cooperating with one another as a joint venture in operating, maintaining, and repairing the aircraft.

17. Defendants were negligent and careless as follows:

　　a. Failing to properly maintain the aircraft;

　　b. Failing to properly repair the aircraft;

    c.    Failing to properly monitor the aircraft while on the apron at Pennridge Airport;

    d.    Failing to properly hire, oversee, and manage those responsible for repairs and maintenance of the aircraft;

    e.    Failing to stop their aircraft from leaking fuel on the apron at Pennridge Airport;

    f.    Failing to monitor their aircraft and know that it had a fuel leak;

    g.    Failing to comply with its obligations as an owner and/or operator of the aircraft; and

    h.    Failing to comply with the Pennsylvania Hazardous Sites Clean Up Act.

18. As a result of Defendants' negligence and carelessness, Plaintiff has been injured in the amount of $157,351.01.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendants for $157,351.01 plus such other relief this Court deems appropriate.

### COUNT II – VIOLATION OF PENNSYLVANIA HAZARDOUS SITES CLEAN UP ACT

19. Plaintiff incorporates paragraphs 1 through 18 as through set forth herein.

20. Defendants have violated the Pennsylvania Hazardous Sites Clean Up Act.

21. Defendants' aircraft released fuel under the meaning of the Pennsylvania Hazardous Sites Clean Up Act.

22. The fuel that leaked from Defendants' aircraft was a hazardous substance.

23. The leak occurred at Pennridge Airport, a protected location under the Pennsylvania Hazardous Sites Clean Up Act.

24. Defendants were responsible for the leak.

25. As a result of the above, Plaintiff was compelled to respond to the leak and incur significant expenses relating to the response.

26. The replacement of the apron and all mitigation was reasonable as it was undertaken in compliance with the United States Department of Transportation, Federal Aviation Administration Guidelines and Procedures for Maintenance of Airport Pavements dated October 10, 2014 under AC No. 150/5380-6C and in compliance with the recommendation of the consulting remediation consultant.

27. Defendants' violation of the Pennsylvania Hazardous Sites Clean Up Act warrant payment of the loss regardless of fault.

28. As a result of Defendants' violation, Plaintiff has been injured in the amount of $157,351.01.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendants for $157,351.01 plus such other relief this Court deems appropriate.

**MURPHY SANCHEZ, PLLC**

BY: */s/ Jeffrey C. Sotland*
JEFFREY C. SOTLAND, ESQUIRE
Attorney for Plaintiff
PENNRIDGE AIRPORT, INC.
100 South Juniper Street, 3rd Floor
Philadelphia, PA 19107
267-367-5503
**MS File No. 20611.1027**

**VERIFICATION**

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_Nancy Kilcrease_
COLONY INSURANCE COMPANY

Date: 7-19-23